**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Patricia O'KANE, Defendant–Appellant.**

No. 05–20101.

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 11, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Melissa Martin, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Patricia O'Kane pleaded guilty to wire

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

fraud and bankruptcy fraud and was sentenced to concurrent sentences of 30 months of imprisonment and concurrent terms of five years and three years of supervised release. The district court imposed a $200 assessment and ordered O'Kane to pay $22,491.54 in restitution. She now appeals, arguing that the appeal waiver provision of her plea agreement does not bar a challenge to her sentence, that the scope of appellate review regarding her sentence is not limited if the waiver provision is inoperable, and that the district court erred in the application of the Sentencing Guidelines with regard to the calculation of the amount of loss. O'Kane asserts that the plea agreement, which reserved the right to appeal a sentence in excess of the statutory maximum, does not bar her claims because her sentence exceeds the "statutory maximum" as that term is defined in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The Government seeks to enforce the waiver.

By its plain language, O'Kane's knowing and voluntary appeal waiver bars her claims, as she was not sentenced above the statutory maximum. *See United States v. Bond*, 414 F.3d 542, 544–46 (5th Cir.2005); *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir.), *cert. denied*, — U.S. —, 126 S.Ct. 502, 163 L.Ed.2d 365 (2005). O'Kane's attempts to distinguish these cases are unavailing.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.